On Rehearing
.MATHEWS, Justice.
The essential provision of the mortgage in this case is the' same as the provision of the mortgage in the Shavers case. There is some difference in the relief prayed for. In this case .the mortgagee prays that the fund shall stand- and remain as security until the note is paid and discharged in full according to the express terms and provisions of the note. In his answer, pursuant to notice as provided for by the statute, the mortgagee among other things stated:
“Wherefore, defendant: Olin E. Watts, as Trustee under the Last Will and- Testament and Codicil thereto of A. F. Baines, deceased, prays that if the land described in the petition herein shall be taken in this condemnation proceeding, this Court will make and enter its order .providing and adjudging that the lien of said defendant’s respective -mortgages herein involved will immediately attach to any funds or award which may, by law be substituted for the mortgaged property, that said liens follow the funds or awards into the registry of the Court and stand in the place and stead of said mortgaged real property, subject to the proper enforcement of said liens by appropriate proceedings, and said defendant further prays that he be adjudged entitled to receive and be paid his costs incurred in and about these proceedings, including a reasonable attorney’s fee.”
After verdict the mortgagee filed its petition with the Circuit Court for determination of rights of the mortgagee in respect to the awards and stated:
“Defendant, Olin E. Watts, as Trustee under the Last Will and Testament by his undersigned' attorneys, makes and presents this petition for determination of his rights as mortgagee under the mortgages hereinafter described in respect to the compensation awarded to each defendant owner by the verdicts heretofore rendered in this cause, and respectfully shows unto the Court that
He then set forth the amount of the award as to each piece of property covered by separate, mortgages.
It therefore appears that the mortgagee appeared and answered pursuant- to notice and due process of law as required by the statutes. There was no objection of improper notice, service or jurisdiction. The answer fully set forth the provisions of the mortgage and made the mortgage a part of the answer. The mortgagee claimed that he was entitled to the balance together with interest thereon until the maturity of each note according to the strict terms thereof of according to his own interpretation of the Constitution, statutes, mortgage and note.
Every provision of the Constitution, statutes, mortgage and note involved in this case were involved in Shavers v. Duval County, supra. The .mortgagee in this case is not contending for full compensation *321 determined upon equitable principles but is contending for a strict, full and complete compliance with each and every term of the note irrespective of equitable principles. , , .
It is not necessary to consider due process of law in this case because even if properly raised the record shows that due process was had and answer was filed as the result of such due process.
The mortgagee was entitled to follow the fund paid into the registry of the Court and to receive full compensation determined by the Circuit Judge on equitable principles. The Circuit Judge has done what he was requested to do by the mortgagee when the mortgagee requested the Circuit Court to determine his rights in the premises. He may not have determined such rights in accordance with the views and wishes of the mortgagee but he determined such rights upon what he considered to be equitable principles, and reversible error has not been made to appear. Based upon the petition for determination of rights of the mortgagee the Circuit Judge, after a full hearing, made an order which, among other things, contained the following:
“ * * * that while the liens of the several mortgages held by the defendant mortgagee follow the award moneys into the Registry of the Court, the defendant mortgagee upon payment of the award moneys into the Registry of the Court, must make an election to follow one of two alternative courses, namely, (1) the defendant' mortgagee must elect to receivé out of the award moneys in the hands of the Court the full principal balances due under the respective promissory notes and mortgages together with unpaid interest thereon computed' only to the date this Court orders distribution of the award moneys, or (2) the defendant mortgagee must release its liens against the award moneys and permit the entire money awards to be paid to the respective mortgagors, in which event the defendant mortgagee must then and thereafter look solely to the respective mortgagors personally, unsecured by the condemned property or by the award moneys, for the payment of the future .monthly fixed installments of. principal and interest thereafter falling due under said promissory notes and mortgages. * * * ”
Affirmed.
ROBERTS, C. J., TERRELL and DREW, JJ., concur.
BARNS, J., concurs specially.
THOMAS and SEBRING, JJ., dissent.